UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROSANN M. WILKS, et al., )<br>)<br>    Plaintiffs, )<br>) | <br><br><br>Case No. 3:02-0837 |
| v. )<br>) | Judge Trauger |
| THE PEP BOYS, )<br>)<br>    Defendant. ) | |

## MEMORANDUM

Pending before the court is Defendant's Motion for Leave to Amend its Amended Answer (Docket No. 287), to which the plaintiffs have responded in opposition (Docket No. 295), and the defendant has replied (Docket No. 298). For the reasons discussed herein, the defendant's motion will be granted.

## ANALYSIS

Asserting the need to list additional affirmative defenses, the defendant first amended its Answer on December 21, 2004. (*See* Docket No. 233; Docket No. 243.) It now seeks to add the following four additional affirmative defenses to its already-amended Answer:

> (1) In the event that 29 U.S.C. 207(i) is found not to apply, any Plaintiff who was compensated under the flat-rate commission system is equitably estopped from claiming unpaid overtime under the FLSA to the extent that he falsified his time records by intentionally underreporting his actual hours worked in order to improve his productivity rate, which in turn increased his compensation for training time and for hours paid but not worked;

1

(2) In the event that 29 U.S.C. 207(i) is found not to apply to Plaintiffs who were compensated under the flat-rate commission system, to the extent Defendant is found liable for unpaid overtime wages, such wages must be reduced by any benefit Plaintiffs gained by intentionally working off the clock to increase their compensation for training time and for hours paid but not worked;

(3) In the event that 29 U.S.C. 207(i) is found not to apply to Plaintiffs who were compensated under the flat-rate commission system, to the extent Defendant is found liable for unpaid overtime wages, Defendant is entitled to an equitable offset for any amounts paid to them, pursuant to Defendant's flat-rate commission system, over and above the regular rate plaintiffs received for hours actually worked and for hours paid but not worked; and

(4) To the extent Defendant is found liable to Plaintiffs for unpaid overtime wages under the FLSA, any amounts claimed by them must be offset by all compensation Pep Boys paid to them that qualifies under 29 U.S.C. § 207(e)(5) and/or 29 U.S.C. § 207(h)(2).

(*See* Docket No. 287-3 ¶¶ 7-10.)

The parties disagree not only about the substance of this Motion, but also about the rule that governs its disposition.

## I. Rule 15(a), not Rule 16, governs the defendant's Motion.

The plaintiffs attempt to argue that Rule 16, which requires a party to show good cause to deviate from a pretrial scheduling order, provides the standard under which this Motion should be decided. (*See* Docket No. 295 at 3 (citing Fed. R. Civ. P. 16).) As the defendant notes–and the plaintiffs do not refute–it does not seek to deviate from any scheduling order in this case. (*See* Docket No. 298 at 1.) The plaintiffs cite to no order that lists a date after which the parties may not amend the pleadings and, in fact, no such order exists. (*See* Docket No. 63; Docket No. 100; Docket No. 147; Docket No. 250; Docket No. 255; Docket No. 277.) Accordingly, the plaintiffs' attempt to employ Rule 16's more stringent, "good cause" standard fails, and Rule

Case 3:02-cv-00837   Document 432   Filed 09/26/06   Page 2 of 8 PageID #: 4965

15(a), which generally governs such motions, applies. *See* Fed. R. Civ. P. 15(a).

Rule 15(a) provides, in part, that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Sixth Circuit has clearly delineated the factors and considerations to be weighed by the court in making such a determination:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.

*See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (internal citations omitted).

## II. The defendant may amend its Amended Answer to include the additional affirmative defenses it seeks here, as they are neither the product of undue duly nor futile.

In opposing the defendant's Motion to Amend, the plaintiffs claim that the defendant engaged in undue delay and that its amendments, if added, would be futile. (*See* Docket No. 295 at 4-5.) The defendant sought leave to amend its Amended Answer approximately two months after it allegedly discovered, for the first time, that "some plaintiffs intentionally falsified their time records (by intentionally working off-the-clock) to mask their low productivity and/or increase their pay for training and paid time off." (*See* Docket No. 298 at 1 (noting that David Zoller, the plaintiff who purportedly revealed this fact to the defendant, was deposed on July 20, 2005; Docket No. 287 (seeking leave to amend (filed on September 30, 2005)).) The court does not find that this qualifies as undue delay, and thus will focus its efforts on the plaintiffs'

3

arguments regarding the futility of the defendant's amendments.

In the Sixth Circuit, a proposed amendment qualifies as "futile" if it could not withstand a Rule 12(b)(6) motion to dismiss. See *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The court will not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Myers v. United States*, 636 F.2d 166, 168-69 (6th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). This narrow inquiry is based on whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

Here, the plaintiffs claim that the defendant's amendment would be futile because (1) the FLSA does not allow for the kind of statutory offsets that the defendant seeks; and (2) equitable estoppel is not a valid affirmative defense to the FLSA. (*See* Docket No. 295 at 5-8.) The plaintiffs' first basis for argument seems to stem from a misunderstanding between the parties. The plaintiffs assert that FLSA Sections 7(e)(5) and 7(h)(2) do not allow the defendant "to take as a credit toward[ ] overtime owed to flat[-]rate employees[ ] money it allegedly paid those employees in excess of what they were owed for training time and for hours paid but not worked." (*See* Docket No. 295 at 5-6 (citing "Def.'s Mot. at 3").)

The defendant replies that the plaintiffs "err when they contend that Pep Boys seeks to

4

use this defense to take a credit for training wages and paid time off." (*See* Docket No. 290 at 4.) Instead, it insists, it seeks only to clarify that it is entitled to recover all "overtime payments it has made to Plaintiffs that equal and/or exceed one and one-half times the regular rate of pay, as expressly permitted by 29 U.S.C. § 207(e)(5) and § 207(h)." (*See* Docket No. 298 at 5 (emphasis omitted).)

These statutory sections, read together, indicate that "extra compensation credit toward overtime compensation" includes "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight a day or in excess of the maximum workweek applicable to such employee . . . ." *See* 29 U.S.C. §§ 207(e)(5), (h). Thus, the defendant seems to be seeking only what the plaintiff acknowledges that it may, *i.e.*, that which is defined as overtime compensation under the FLSA. (*See* Docket No. 295 at 6.) Thus, no real conflict exists as to the defendant's statutory claims.

A true dispute does emerge, however, over the defendant's ability to use the doctrine of equitable estoppel to seek other offsets, *e.g.*, "for the excessive pay Plaintiffs obtained" by "intentionally inflating their variable benefit." (*See* Docket No. 298 at 5.) The plaintiffs claim that equitable estoppel is not an appropriate defense to the FLSA when employees were directed by their managers not to record their overtime work. (*See* Docket No. 295 at 10.) They cite a number of non-controlling cases that bolster this contention. (*See id.* (citing, for example, *Campbell v. HSA Managed Care Sys.*, No. 97 C 1622, 1997 WL 610043, at *3 (N.D. Ill. Sept. 25, 1997) (finding that employees could not be equitably estopped from seeking overtime compensation when they were discouraged by management from recording their overtime); and

5

*Abel v. Dept. of Corrs.*, No. 93-4070-SAC, 1995 WL 550045, at *4 (D. Kan. July 26, 1995) (denying a defendant's attempt to use equitable estoppel to prevent employees from recovering overtime compensation for missed meal breaks where "the defendant knew or should have known that [the employees] were missing break periods and not being compensated for them").)

The defendant, in alleging that its use of equitable estoppel is, in fact, permissible, points to other non-controlling cases that support its arguments. (*See* Docket No. 288 at 7 (citing, for example, *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972) (rejecting an employee's contention that she was forced to under-report her hours in order to meet the productivity standards that were a requirement of her job and upholding a finding that the employee was estopped from seeking overtime pay where no evidence existed that her employer told her to under-report or knew that she was doing so); and *Forrester v. Rother's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (finding that an employee could not seek overtime pay when no evidence existed that his employer knew or should have known that he was engaging in overtime work).)

A close reading of these cases, however, reveals that they do not contradict each other, but rather point to a comprehensive rule: an employee who sues for additional compensation is not estopped from asserting her rights simply because she under-reported her hours, but she may not seek such compensation if she deliberately falsified her hours without the knowledge or encouragement of her employer. *See Brumbelow*, 462 F.2d at 1327 (emphasizing that the court's decision is a narrow one that turns on the fact that "[t]here is no evidence that the company in any manner encouraged workers to falsely report (unless we were to infer an illegal or improper encouragement from the mere existence of a norm, which we decline to do), and no evidence

6

that it knew or should have known that [the employee], unable to perform up to the employer's standard, was giving false information to conceal that fact in order to hold on to her job"); *Abel*, 1995 WL 550045, at *4 (distinguishing the facts before the court with those presented in *Brumbelow*); 51B C.J.S. *Labor Relations* § 1264 (2006) (recognizing that, while an employee's failure to keep records of her overtime does not estop her from seeking payment for hours worked, she is so estopped where she deliberately falsified the record of her overtime work).

The little precedent that exists on this point within the Sixth Circuit lends support to this notion. *See Humana, Inc. v. Shook*, No. 85-5478, 1986 WL 17216, at *3 (6th Cir. June 3, 1986) (noting that the Sixth Circuit has rejected the argument that an employee should be estopped from challenging her own time sheets where material issues of fact existed as to whether the employee's supervisor knew she was working overtime and not being paid for it); *Burry v. Nat'l Trailer Convoy, Inc.*, 388 F.2d 422, 426-27 (6th Cir. 1964) (rejecting an employer's arguments that an employee was precluded from challenging his own time sheets as "inconsistent with both the language and the policy of the Fair Labor Standards Act" where the defendant had actual knowledge that the employee was working overtime). *But see Herman v. Palo Group Foster Home, Inc.*, 976 F. Supp. 696, 707 (W.D. Mich. 1997) (noting in dicta that "[t]he Good Faith defense embodied in [Section] 10 of the Portal to Portal Act of 1947 . . . provides the exclusive estoppel defense to actions under [the] FLSA").

While the plaintiffs urge the court to find that they altered their overtime records only at the behest of the management and, thus, are able to seek overtime compensation free from the bounds of equitable estoppel (*see* Docket No. 295 at 10-11), the defendant correctly notes that such a factual determination is not appropriate at this stage of the proceedings (*see* Docket No.

7

298 at 6). Accordingly, the defendant's Motion for Leave to Amend its Amended Answer will be granted.

## CONCLUSION

For the reasons discussed above, the Defendant's Motion for Leave to Amend its Amended Answer will be granted.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge